

IN THE
TENTH COURT OF APPEALS

No. 10-10-00303-CR

ROBERT WILLIAM PRICE,

Appellant

v.

THE STATE OF TEXAS,

Appellee

From the 220th District Court
Hamilton County, Texas
Trial Court No. CR07566

MEMORANDUM OPINION

Appellant Robert William Price was charged by indictment with burglary of a habitation with commission of assault, a second-degree felony. *See* TEX. PENAL CODE ANN. § 30.02(a), (c)(2) (West 2011). Under a plea agreement, Price pleaded guilty to the charged offense. The trial court sentenced Price to five years' imprisonment, suspended the sentence, and placed him on community supervision for five years. As a condition of his supervision, Price was ordered to pay court-appointed attorney's fees of $500.

The State subsequently filed a motion to revoke Price's community supervision. After finding that Price had violated several conditions of his community supervision, the trial court revoked his community supervision and reinstated the five-year prison sentence. The trial court also ordered Price "to pay the amount of $350.00 for court appointed attorney's fees associated with the Motion to Revoke, as well as the $298.00 outstanding balance on previously assessed attorney's fees." In two issues, Price argues that: (1) the evidence is insufficient to support the trial court's assessment of attorney's fees; and (2) the judgment erroneously states that he was convicted of a first-degree felony. We affirm as modified.

**SUFFICIENCY OF THE EVIDENCE SUPPORTING ASSESSMENT OF ATTORNEY'S FEES**

In his first issue, Price contends that the evidence is insufficient to support the trial court's order that he pay costs for appointed counsel because he had previously been found to be indigent and there was no determination that he had the ability to pay such fees. The State counters that Price waived this complaint by failing to object in the trial court. In the alternative, the State asserts that only the portion of the judgment that imposes attorney's fees incurred in the revocation action should be modified.

*Attorney's Fees Levied as Condition of Community Supervision*

"Sufficiency of the evidence is measured by viewing all of the record evidence in the light most favorable to the verdict." *Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010); *see Jackson v. Virginia*, 443 U.S. 307, 318-19, 99 S. Ct. 2781, 2788-89, 61 L. Ed. 2d 560 (1979); *see also Lucio v. State*, 351 S.W.3d 878, 894-95 (Tex. Crim. App. 2011). "[N]o trial objection is required to preserve an appellate claim of insufficient evidence."

*Mayer*, 309 S.W.3d at 556; *accord Rankin v. State*, 46 S.W.3d 899, 901 (Tex. Crim. App. 2001). Accordingly, the *Mayer* court held that "the court of appeals did not err in addressing appellant's [evidentiary-sufficiency] complaint about the order to reimburse court-appointed attorney['s] fees" even though Mayer did not raise such a complaint at trial.[1] *Mayer*, 309 S.W.3d at 556.

But the *Mayer* court was not addressing fees arising from a plea bargain and levied as a condition of community supervision. This situation was addressed by the Court of Criminal Appeals in *Speth v. State*, 6 S.W.3d 530 (Tex. Crim. App. 1999). The *Speth* court stated:

> An award of community supervision is not a right, but a contractual privilege, and conditions thereof are terms of the contract entered into between the trial court and the defendant. Therefore, conditions not objected to are affirmatively accepted as terms of the contract. Thus, by entering into the contractual relationship without objection, a defendant affirmatively waives any rights encroached upon by the terms of the contract. A defendant who benefits from the contractual privilege of probation, the granting of which does not involve a systemic right or prohibition, must complain at trial to conditions he finds objectionable. A trial objection allows the trial court the opportunity to either risk abusing his discretion by imposing the condition over objection or reconsider the desirability of the contract without the objectionable condition.

*Id.* at 534-35 (footnotes omitted).

Given *Speth*, we agree with the State that Price should have complained to the trial court about the condition of his community supervision obligating him to pay the

---

[1] As the State points out, in the *Mayer* case, Judge Keasler dissented and, joined by three other judges, argued that Mayer did not raise a legal-sufficiency claim on the imposition of attorney's fees and questioned whether the issue was properly preserved. *Mayer v. State*, 309 S.W.3d 552, 558 (Tex. Crim. App. 2010) (Keasler, J., dissenting) (citing *Speth v. State*, 6 S.W.3d 530, 531 n.1 (Tex. Crim. App. 1999) (holding that appellant cannot complain about community-supervision conditions for first time on appeal)). Nevertheless, the majority held to the contrary. *See id.* at 556.

$500 in court-appointed attorney's fees at the time the condition was imposed. Because he did not complain, he affirmatively accepted it and forfeited any complaint about it. Thus, we overrule Price's first issue to the extent that he complains of the order to pay "the $298.00 outstanding balance on previously assessed attorney's fees."

*Attorney's Fees Associated with Revocation Action*

The $350 for court-appointed attorney's fees assessed once Price was adjudicated guilty, however, is controlled by *Mayer*, and Price's complaint about it is thus preserved. *See Mayer*, 309 S.W.3d at 556; *see also Reyes v. State*, 324 S.W.3d 865, 867-68 (Tex. App.—Amarillo 2010, no pet.) (holding objection waived to condition of probation obligating appellant to pay $750 in attorney's fees because no complaint was made at time condition was imposed, but, as to $300 in attorney's fees assessed once appellant was adjudicated guilty, complaint was not waived).

For the purpose of assessing attorney's fees, once an accused is found to be indigent, he is presumed to remain so throughout the proceedings absent proof of a material change in his circumstances. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2011); *see also Mayer v. State*, No. 10-10-00302-CR, 2011 WL 653095, at *2 (Tex. App.—Waco Feb. 23, 2011, pet. ref'd) (mem. op., not designated for publication). Furthermore, the record must reflect some factual basis to support the determination that Price was capable of paying all or some of his attorney's fees at the time of the judgment. *See* TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West. Supp. 2011); *Barrera v. State*, 291 S.W.3d 515, 518 (Tex. App.—Amarillo 2009, no pet.); *see also Stevenson v. State*, No. 10-09-00358-CR, 2011 WL 4978316, at *1 (Tex. App.—Waco Oct. 19, 2011, no pet.)

(mem. op., not designated for publication); *Willis v. State*, No. 10-09-00420-CR, 2010 WL 4008368, at *1 (Tex. App.—Waco Oct. 13, 2010, no pet.) (mem. op., not designated for publication) ("If the State fails to present evidence that the defendant is able to pay all or part of his court-appointed attorney's fees, then the trial court commits error by assessing any part of those fees as costs of court."). When there is insufficient evidence to support the assessment of court-appointed attorney's fees, the proper remedy is to reform the judgment by deleting the attorney's fees. *See Mayer*, 309 S.W.3d at 557; *see also Cain v. State*, No. 10-11-00045-CR, 2011 WL 4837723, at *4 (Tex. App.—Waco Oct. 12, 2011, no pet.) (mem. op., not designated for publication) (modifying judgment to delete finding ordering appellant to pay court-appointed attorney's and investigator's fees).

Article 26.05(g) provides, however, that, if the trial court determines that a defendant has the financial resources that enable him to offset in whole or in part the costs of the legal services provided, the court shall order him to pay, as court costs, the amount that it finds the defendant is able to pay. TEX. CODE CRIM. PROC. ANN. art. 26.05(g); *Mayer*, 309 S.W.3d at 556.

On September 28, 2009, the trial court signed an order appointing trial court counsel for Price. In its order, the trial court specifically stated that: "The Court finds that defendant [Price] is not financially able to employ counsel of his/her choosing and/or in the interests of justice require defendant to be represented by counsel." Later, Price executed an affidavit, which was attached to his "Personal Bond Information Form," and averred that he was not employed.

On March 31, 2010, the trial court sentenced Price to five years' imprisonment, suspended the sentence, and placed him on community supervision for five years. As conditions of his community supervision, Price was ordered to pay, among other things, a $50 supervision fee each month during the period of supervision, a $1,000 fine (at a rate of $50 per month), $500 in court-appointed attorney's fees (at a rate of $30 per month), and court costs of $244.

Approximately three months later, Price was arrested for driving with an invalid license and for unlawfully possessing a dangerous drug, both of which would be considered violations of his community supervision. Shortly thereafter, the State filed a motion to revoke, alleging that Price violated several conditions of his community supervision, including his failure to pay the supervision fee, the fine, the court costs, and his court-appointed attorney's fees.

Price filed a second request for appointment of counsel. Attached to his request was a form indicating that he: (1) had paid $100 to his bondsman; (2) was employed and making $200 a week; (3) owned a vehicle valued at $4,000; and (4) had collected unemployment benefits. When asked to explain how he got the money to pay the bondsman, Price responded that he had "sold some stuff." Nevertheless, the trial court, once again, appointed Price counsel because he was "not financially able to employ counsel . . . ."

On August 11, 2010, the trial court conducted a hearing on the State's motion to revoke. At the hearing, Price pleaded "true" to all but one of the allegations in the State's motion to revoke. In addition, Price testified that he was gainfully employed by

a company called "Storms" and that he had paid $800 toward the fees and fines imposed by the trial court as conditions of his community supervision. At the conclusion of the hearing, the trial court found all of the allegations contained in the State's motion to revoke to be true and ordered that Price pay $350 in attorney's fees pertaining to the motion to revoke. Thereafter, the trial court determined that Price was indigent for purposes of appeal and ordered the appointment of appellate counsel.

While the record does contain evidence indicating that Price was employed at the time of the revocation hearing and that he had made a substantial payment towards the costs associated with his community supervision, the trial court did not make an explicit finding that Price had the financial resources that enabled him to offset in whole or in part the costs of the legal services provided.[2] *See* TEX. CODE CRIM. PROC. ANN. art. 26.05(g); *see also Mayer*, 309 S.W.3d at 556. Furthermore, the State did not present evidence indicating that Price's financial situation at the time of the judgment had materially changed to the extent that his indigency status was no longer warranted. *See* TEX. CODE CRIM. PROC. ANN. art. 26.05(g); *Barrera*, 291 S.W.3d at 518; *see also Stevenson*, 2011 WL 4978316, at *1; *Willis*, 2010 WL 4008368, at *1. It is particularly telling that the trial court, despite imposing the above-mentioned attorney's fees, found Price to be indigent for purposes of appeal and appointed him appellate counsel. Accordingly, because the presumption of indigence remains, we hold that the evidence is insufficient

---

[2] The entire exchange regarding attorney's fees was as follows:

[Counsel for Price]:  Your, Honor, was there any attorney's fees?

THE COURT:          Yes, sir, three fifty.

to support the trial court's assessment of attorney's fees once Price's community supervision was revoked. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p); *see also Mayer*, 2011 WL 653095, at *2. We consequently sustain Price's first issue in part and modify the trial court's judgment to delete the order to pay "the amount of $350.00 for court appointed attorney's fees associated with the Motion to Revoke." *See* TEX. R. APP. P. 43.2(b); *Mayer*, 309 S.W.3d at 557; *see also Cain*, 2011 WL 4837723, at *4.

## DEGREE OF FELONY

In his second issue, Price asserts that the judgment erroneously states that he was convicted of a first-degree felony. According to Price, the judgment should instead read that he was convicted of a second-degree felony. The State concedes that the judgment erroneously states that Price was convicted of a first-degree felony.

An intermediate appellate court may reform a trial court's judgment to make the record speak the truth when it has the necessary data and information to do so. *See* TEX. R. APP. P. 43.2(b); *see also Tamez v. State*, 620 S.W.2d 586, 590 (Tex. Crim. App. [Panel Op.] 1981) (reforming judgment to show $500 fine was imposed but not stated in judgment); *Jackson v. State*, 288 S.W.3d 60, 64 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd) (modifying judgment to reflect appellant had been found guilty of aggravated assault, a second-degree felony, rather than aggravated assault of public servant, a first-degree felony); *Nolan v. State*, 39 S.W.3d 697, 698 (Tex. App.—Houston [1st Dist.] 2001, no pet.) (reforming judgment to reflect longer sentence). Because the record supports his contention, we sustain Price's second issue and reform the judgment to reflect that

he was convicted of burglary of a habitation with commission of assault, a second-degree felony.[3]

**CONCLUSION**

We affirm the judgment of the trial court as modified herein.

REX D. DAVIS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed as modified
Opinion delivered and filed April 25, 2012
Do not publish
[CR25]

---

[3] A burglary offense becomes a first-degree felony only if: "(1) the premises are a habitation; and (2) any party to the offense entered the habitation with intent to commit a felony other than felony theft or committed or attempted to commit a felony other than felony theft." TEX. PENAL CODE ANN. § 30.02(d) (West 2011).