

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-12-0434-CR

_____

RICHARD ALEXANDER CERBANTEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 242nd District Court
Hale County, Texas
Trial Court No. B18832-1106, Honorable Ed Self, Presiding

March 22, 2013

## MEMORANDUM OPINION

Before Quinn, C.J., and Campbell and Pirtle, JJ.

Appellant Richard Alexander Cerbantez appeals the judgment revoking his deferred adjudication community supervision, finding him guilty and assessing sentence. His court-appointed appellate counsel has filed a motion to withdraw and an

*Anders*[1] brief. We will grant counsel's motion to withdraw, modify the judgment of the trial court, modify the withholding order directing appellant to pay attorney's fees, and affirm the judgment as modified.

By indictment filed in June 2011, appellant was charged with aggravated sexual assault of a child.[2] He plead guilty to the charge and stipulated to supporting evidence of guilt. The trial court accepted his plea but deferred a finding of guilt, and placed him on community supervision for a period of ten years.

On February 13, 2012, the State filed a motion to proceed with an adjudication of guilt. The motion alleged multiple violations of the terms of appellant's community supervision order including new criminal offenses, failing to report to his community supervision officer, failing to keep his address and employment information updated as required, failing to honor curfew as required, failing to make payments, failing to complete required community service, failing to report new arrests as required, and failing to attend and successfully complete the Plainview Regional Sex Offender Program.

At the hearing on the State's motion, appellant plead "true" to each of the State's allegations.[3] Appellant testified he had difficulty maintaining employment and admitted

---

[1] *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *see In re Schulman,* 252 S.W.3d 403 (Tex.Crim.App. 2008).

[2] Tex. Penal Code Ann. § 22.021(a)(1)(B)(i)(2)(B) (West 2012).

[3] A plea of "true" to even one allegation in the State's motion is sufficient to support a judgment revoking community supervision. *Cole v. State*, 578 S.W.2d 127, 128 (Tex.Crim.App. 1979).

his failure to report to his supervision officer on some occasions. He also acknowledged he gave a police officer a false name when arrested and fled from an officer who attempted to arrest him. He took responsibility for each of the violations of the terms of his deferred adjudication community supervision. Appellant's community supervision officer testified appellant performed poorly on community supervision, committed new offenses while on probation, and recommended his guilt be adjudicated and he be sentenced to time in prison. Appellant presented the testimony of witnesses on his behalf.

Following presentation of the evidence, the trial court found appellant guilty as charged, revoked his deferred adjudication community supervision, and sentenced him to twenty years of imprisonment.

Appellant's appointed appellate counsel has filed a motion to withdraw supported by an *Anders* brief. In counsel's opinion, nothing in the record establishes reversible error and the appeal is frivolous. The brief discusses the case background, the grounds alleged for revocation, and the evidence presented at the hearing. The brief cites applicable law. Correspondence from counsel to appellant indicates counsel supplied appellant a copy of the *Anders* brief and counsel's motion to withdraw, and advised appellant of his right to file a response. By letter, this court also notified appellant of his opportunity to submit a response to the *Anders* brief and motion to withdraw filed by his counsel. Appellant did not file a response.

In conformity with the standards set out by the United States Supreme Court, we do not rule on the motion to withdraw until we have independently examined the record.

*Nichols v. State*, 954 S.W.2d 83, 86 (Tex.App.—San Antonio 1997, no pet.). If this court determines the appeal arguably has merit, we will remand it to the trial court for appointment of new counsel. *Stafford v. State,* 813 S.W.2d 503, 511 (Tex.Crim.App.1991). We have reviewed the entire record to determine whether there are any arguable grounds which might support an appeal. *Penson v. Ohio,* 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *Bledsoe v. State,* 178 S.W.3d 824 (Tex.Crim.App. 2005). We have found no arguable grounds supporting a claim of reversible error, and agree with counsel that the appeal is frivolous.

The judgment adjudicating guilt contains the following statement, "The Court finds the defendant agreed to pay attorney's fees for trial counsel as a part of the plea bargain. Accordingly, the Court ORDERS the defendant to pay trial attorney's fees in the amount of $695.00." However, the record does not contain a determination by the trial court of appellant's ability to pay attorney's fees. Tex. Code Crim. Proc. Ann. art. 26.05(g) (West 2011). Rather, the record shows trial and appellate counsel were appointed for appellant on the basis of indigence. Accordingly, we modify the trial court's judgment by deleting the trial court's order concerning payment of attorney's fees. *See Wolfe v. State,* No. 07-10-0201-CR, 2012 Tex. App. LEXIS 5368, at *10-11 (Tex. App.—Amarillo July 6, 2012, no pet.), (finding evidence was insufficient to support the trial court's assessment of attorney's fees as court costs, though payment of fees had been a condition of appellant's community supervision); *Mayer v. State,* 274 S.W.3d 898, 902 (Tex.App.—Amarillo 2008), *aff'd,* 309 S.W.3d 552 (Tex.Crim.App. 2010) (judgment modified). We also modify the withholding order obligating appellant to pay attorney's fees by deleting the attorney's fees from the sum subject to collection. *See*

*Reyes v. State,* 324 S.W.3d 865, 868 (Tex.App.—Amarillo 2010, no pet.) (modifying judgment and withholding order); *see also Garcia v. State,* No. 07-09-00357-CR, 2011 Tex.App. LEXIS 2714 (Tex.App.—Amarillo April 12, 2011, no pet.) (mem. op., not designated for publication) (same).

Accordingly, we grant counsel's motion to withdraw,[4] modify both the judgment and the withholding order by deleting the attorney's fees, and affirm the judgment of the trial court as modified.

James T. Campbell
Justice

Do not publish.

---

[4] Counsel shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review with the Court of Criminal Appeals. Tex. R. App. P. 48.4.