NO. 07-10-0124-CR

 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL B

 OCTOBER 13, 2010
 ______________________________

 JOSE ANGEL REYES,

Appellant

 v.

 THE STATE OF TEXAS, 

Appellee
 _______________________________

 FROM THE 64TH DISTRICT COURT OF HALE COUNTY;

 NO. A17839-0811; HON. ROBERT W. KINCAID, JR., PRESIDING
 _______________________________
 
 Opinion 
 _______________________________
 
Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
 Appellant Jose Angel Reyes (appellant) appeals the trial court's judgment requiring him to pay attorney's fees and a withholding order directing that those fees be deducted from his inmate trust account. We modify both documents and affirm them as modified.
 Background
 Appellant was placed on deferred adjudication per his guilty plea to the crime of aggravated assault with a deadly weapon. As a condition of probation, he was ordered to pay attorney's fees of $750. Subsequently, the State moved to adjudicate his guilt and revoke his probation because, among other things, he failed to pay the aforementioned fees. The motion was granted, and the trial court sentenced appellant to ten years in prison. It also ordered him to pay an attorney's fee of $1,050, restitution in the amount of $30,043.01, a $1,000 fine and $285 in court costs. Another order, entitled "TDCJ Inmate Trust Fund Withdrawal Order," was signed by the trial court directing the payment of $32,378.91 from appellant's inmate trust account. Thereafter, appellant perfected a timely appeal. 
 Issue One - Attorney's Fees
 Specifically, appellant contends that the trial court erred by ordering him to pay $1,050 in attorney's fees because the record contained insufficient evidence to show that he "had any financial resources" from which to pay them. We agree in part.
 As disclosed by the record, appellant was determined to be indigent and, therefore, received appointed counsel for both the original plea and adjudication hearings. Furthermore, nothing of record illustrated that his economic status had changed between the time he was first found impoverished and ultimately adjudicated guilty and sentenced to prison. Thus, the statutory elements prerequisite to his being held obligated to pay $1,050 in fees have not been established. See Tex. Code Crim. Proc. Ann. art. 26.05(g) (Vernon Supp. 2010) (specifying when a trial court may order one who received appointed counsel to pay attorney's fees). 
 Nonetheless, the State contends that appellant implicitly agreed to pay $750 of the $1,050 fee when he pled guilty per the parties' bargain, received probation, and became subject to the conditions of probation levied by the court. Therefore, the argument goes, he cannot be relieved of paying the $750 sum. We find the contention accurate. 
 This court previously held, in Mayer v. State, 274 S.W.3d 898 (Tex. App. - Amarillo 2008), aff'd, 309 S.W.3d 552 (Tex. Crim. App. 2010), that a trial court generally erred by ordering a defendant to pay a fee for a court-appointed attorney when the record contained no evidence illustrating that he had sufficient financial resources to pay it. Id. at 901-02. Yet, we were not dealing with fees arising from a plea bargain and levied as a condition of probation there. In the latter circumstance, the result may not be the same. This is so because an award of community supervision (or probation) is not a right, but a contractual privilege. Speth v. State, 6 S.W.3d 530, 534 (Tex. Crim. App. 1999). Additionally, the conditions appended to the grant of community supervision are terms of the contract entered into between the trial court and the defendant. Id. More importantly, those to which no one objects are considered to be affirmatively accepted as part of the contract, which means, in turn, that the accused normally waives any complaint with regard to them. Id. In other words, one benefitting from the contractual privilege of probation must complain at trial about any conditions he deems objectionable, and unless he does that, belated objections are waived. Id. 
 Given Speth, we agree with the State that appellant should have complained to the trial court about the condition of his probation obligating him to pay $750 in attorney's fees at the time the condition was imposed. Because he did not, he not only affirmatively accepted it but also waived any objection to it. The same is not true of the additional $300 assessed once appellant was adjudicated guilty; the imposition of that sum is controlled by the holding in Mayer. And, because the record does not reflect that appellant had the financial means to pay it, the trial court erred by imposing it. Accordingly, we modify the trial court's judgment by reducing the amount of attorney's fees payable by appellant from $1,050 to $750. 
 Issue Two - Withholding Order
 Through his second issue, appellant contends that the trial court erred by entering its withholding order allowing for money to be withdrawn from his inmate trust account. This purportedly was error because he failed to receive notice of the order (i.e. was denied due process) and because insufficient evidence supported the award of $1,050 in attorney's fees. 
 As for the amount of attorney's fees levied, our disposition of the foregoing issue obligates us to also modify the withholding order. The sum subject to collection will be reduced from $1,050 to $750 for the reasons explained above.
 As for the argument about notice and due process, we note that the assessment of the fees arose as part of the adjudication of appellant's guilt in this criminal cause. He had been found to be an indigent entitled to appointed counsel. Moreover, the attorney's fee alluded to in the withholding order (as modified) was the sum that appellant agreed to pay. These circumstances comport with those in Harrell v. State, 286 S.W.3d 315 (Tex. 2009), an opinion we deem controlling. Because Harrell had been determined to be an indigent and the taxing of costs occurred as part of the two criminal cases against him, "he ha[d] already received all that due process demands" with regard to their taxation, according to the Supreme Court. Id. at 320. However, the risk that the amounts contained in the withholding order may differ from those actually taxed caused the Court to state that Harrell also was entitled to notice of the withholding order's issuance and opportunity to test it. Id. at 321. That concern proved accurate here, given our conclusion that the amount of fees mentioned in the withholding order was excessive. Yet, our so concluding also evinces that appellant received the due process required by Harrell. Before altering the order, we were informed of the error. Moreover, that information was imparted to us by appellant; so, he obviously had notice of the decree and opportunity to question its accuracy. 
 As the Supreme Court recognized in Harrell, "[t]he constitutional sufficiency of procedures provided in any situation, of course, varies with the circumstances." Id. at 319. In other words, it is not a "one size fits all" proposition. The circumstances involved can influence the particular procedures deemed sufficient, and though the sequence of events at bar do not fit within the typical mode of due process, they nonetheless evince the presence of due process. Appellant had his notice of the withholding order and opportunity to be heard about its accuracy. Since that was enough in Harrell, it is enough here.
 We modify both the final judgment and withholding order by reducing the amount of attorney's fees payable from $1,050 to $750 and affirm them as modified.

 Brian Quinn
 Chief Justice

Publish.