NO. 07-09-00357-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 12, 2011

_____

KIMBERLY YVETTE GARCIA, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 64TH DISTRICT COURT OF HALE COUNTY;

NO. A17437-0711; HONORABLE ROBERT W. KINKAID JR., JUDGE

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Kimberly Yvette Garcia appeals from the trial court's revocation of her deferred adjudication community supervision, finding her guilty of forgery of a financial instrument and sentencing her to eighteen months in a state jail facility. Through two issues, appellant contends the trial court erred in ordering her to pay $500 in attorney's fees. We will modify the trial court's judgment, and affirm it as modified.

Background

In March 2008, appellant plead guilty to forgery of a financial instrument. As part of a plea agreement, the court deferred a finding of guilt and placed appellant on

community supervision. Appellant's deferred adjudication was conditioned on her compliance with specified terms and conditions. In June 2009, the State filed its second motion to proceed to an adjudication of guilt. At the hearing on this motion, appellant plead "true" to each of the State's allegations and entered a written stipulation of the evidence. She also testified to several reasons why she did not comply with the terms of her community supervision. Her community supervision officer also testified, outlining appellant's failures to comply.

Based on appellant's plea of "true" and the testimony presented, the trial court revoked appellant's community supervision, entered a finding of guilt and sentenced appellant to eighteen months of confinement in a state jail facility. The court also imposed court costs of $281.00, restitution in the amount of $3,444.50, and attorney's fees repayment in the amount of $500.00. The record also contains an order entitled "TDCJ Inmate Trust Fund Withdrawal Order" directing the inmate trust fund supervisor to withdraw money from appellant's account for payment of an amount that included the court-appointed attorney's fees.

Analysis

By her two appellate issues, appellant challenges both the provision in the court's judgment requiring her to pay $500 in attorney's fees, and the withdrawal order directing withdrawal of funds from her inmate account for that purpose.

In order to assess attorney's fees, the trial court must first determine that the defendant has financial resources that enable her to offset in part or in whole the cost of the legal services provided. Tex. Code Crim. Proc. Ann. art. 26.05(g) (West 2009). And

the record must reflect some factual basis to support the determination that the defendant is capable of paying attorney's fees. *Barrera v. State*, 291 S.W.3d 515, 518 (Tex. App.--Amarillo 2009, no pet.) (per curiam); *Perez v. State*, 280 S.W.3d 886, 887 (Tex. App--Amarillo 2009, no pet.).

In appellant's appeal in a companion case, we modified the court's judgment to delete the requirement she pay attorney's fees. *Garcia v. State,* No. 07-09-00356-CR, 2010 Tex.App. LEXIS 7179 (Tex.App.—Amarillo Aug. 31, 2010, no pet.) (mem. op., not designated for publication). Also, although the trial court's judgment in this case contains a provision expressly ordering appellant to repay attorney's fees to Hale County in the amount of $500, it does not contain a finding she had financial resources enabling her to pay all or any part of the fees paid her court-appointed counsel. *Cf. Marquez v. State,* No. 07-10-00366-CR, 2011 Tex.App. LEXIS 2307 (Tex.App.— Amarillo March 30, 2011, no pet. h.) (mem. op., not designated for publication) (court's judgment contained a special finding defendant financially able to pay appointed attorney's fees). Nor does such a determination appear elsewhere in the record. Accordingly, we conclude the order to pay attorney's fees was improper. *Mayer v. State,* 309 S.W.3d 552 (Tex.Crim.App. 2010). We find the same is true of the portion of the order relating to attorney's fees in the "TDCJ Inmate Trust Fund Withdrawal Order."

Accordingly, we modify the trial court's judgment by deleting the language ordering appellant to repay attorney's fees in the amount of $500.00. *Id.; see also Anderson v. State,* No. 03-09-00630-CR, 2010 Tex.App. LEXIS 5033, *9 (Tex.App- Austin, July 1, 2010, no pet.) (modifying judgment to delete order to pay attorney's

3

fees).  We also modify the "TDCJ Inmate Trust Fund Withdrawal Order"[1] to remove the $500.00 in attorney's fees from the total amount to be withdrawn from appellant's inmate account.  *See Reyes v. State,* 324 S.W.3d 865 (Tex.App.—Amarillo 2010, no pet.) (modifying an inmate withdrawal order); *Webb v. State,* 324 S.W.3d 229 (Tex.App.—Amarillo 2010, no pet.) (addressing inmate withdrawal orders).  As modified, we affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.

---

[1] As we noted in *Williams v. State,* Nos. 07-10-0091-CV, 07-10-0100-CV, 07-10-0101-CV, 2011 Tex.App. LEXIS 497, *3-4 n.2 (Tex.App.—Amarillo Jan. 25, 2011, no pet.) (mem. op.), these documents are not "orders" in the traditional sense.  The controlling statute, Tex. Gov't Code Ann. § 501.014(e) (West Supp. 2010), describes the process as a "notification by a court" directing prison officials to withdraw sums from an inmate's account for the payment of "any amount the inmate is ordered to pay by order of the court."  Tex. Gov't Code Ann. § 501.014(e)(1)-(6) (West Supp. 2010); *Harrell v. State,* 286 S.W.3d 315, 316 n.1 (Tex. 2009).