NO. 07-09-00357-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL D

 



APRIL
12, 2011

 



 

KIMBERLY YVETTE GARCIA, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 64TH DISTRICT COURT OF HALE
COUNTY;

 

NO. A17437-0711; HONORABLE ROBERT W. KINKAID JR., JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

Appellant Kimberly Yvette Garcia
appeals from the trial court’s revocation of her deferred adjudication
community supervision, finding her guilty of forgery of a financial instrument and sentencing her to eighteen months
in a state jail facility. Through two issues, appellant contends the trial
court erred in ordering her to pay $500 in attorney’s fees.   We will modify the trial court’s judgment,
and affirm it as modified.

Background

            In
March 2008, appellant plead guilty to forgery of a financial instrument.  As part of a plea agreement, the court
deferred a finding of guilt and placed appellant on community supervision.  Appellant’s deferred adjudication was
conditioned on her compliance with specified terms and conditions.  In June 2009, the State filed its second motion to proceed to an adjudication
of guilt.  At the hearing on this motion,
appellant plead “true” to each of the State’s allegations and entered a written
stipulation of the evidence. She also testified to several reasons why she did
not comply with the terms of her community supervision.  Her community supervision officer also
testified, outlining appellant’s failures to comply. 

Based
on appellant’s plea of “true” and the testimony presented, the trial court
revoked appellant’s community supervision, entered a finding of guilt and
sentenced appellant to eighteen months of confinement in a state jail facility.  The court also imposed court costs of
$281.00, restitution in the amount of $3,444.50, and attorney’s fees repayment
in the amount of $500.00.  The record
also contains an order entitled “TDCJ Inmate Trust Fund Withdrawal Order”
directing the inmate trust fund supervisor to withdraw money from appellant’s
account for payment of an amount that included the court-appointed attorney’s
fees.

Analysis

            By her two appellate issues,
appellant challenges both the provision in the court’s judgment requiring her
to pay $500 in attorney’s fees, and the withdrawal order directing withdrawal
of funds from her inmate account for that purpose.

In order
to assess attorney's fees, the trial court must first determine that the
defendant has financial resources that enable her to offset in part or in whole
the cost of the legal services provided. 
Tex. Code Crim.
Proc. Ann. art. 26.05(g) (West 2009).  And the record must reflect some factual
basis to support the determination that the defendant is capable of paying
attorney's fees.  Barrera v. State, 291 S.W.3d 515, 518 (Tex.
App.--Amarillo 2009, no pet.) (per curiam); Perez v. State, 280 S.W.3d 886, 887 (Tex.
App--Amarillo 2009, no pet.).  

In
appellant’s appeal in a companion case, we modified the court’s judgment to
delete the requirement she pay attorney’s fees. 
Garcia v. State,
No. 07-09-00356-CR, 2010 Tex.App. LEXIS 7179 (Tex.App.—Amarillo Aug. 31,
2010, no pet.) (mem. op.,
not designated for publication).  Also,
although the trial court’s judgment in this case contains a provision expressly
ordering appellant to repay attorney’s fees to Hale County in the amount of
$500, it does not contain a finding she had financial resources enabling her to
pay all or any part of the fees paid her court-appointed counsel.  Cf. Marquez v. State, No. 07-10-00366-CR, 2011 Tex.App.
LEXIS 2307 (Tex.App.—Amarillo March
30, 2011, no pet. h.) (mem. op., not
designated for publication) (court’s judgment
contained a special finding defendant financially able to pay appointed
attorney’s fees).  Nor does such a
determination appear elsewhere in the record. 
Accordingly, we conclude the order to pay attorney’s fees was
improper.  Mayer v. State, 309 S.W.3d 552 (Tex.Crim.App. 2010). 
We find the same is true of the portion of the order relating to
attorney’s fees in the “TDCJ Inmate Trust Fund Withdrawal Order.” 

Accordingly, we modify the trial court’s judgment by deleting the
language ordering appellant to repay attorney’s fees in the amount of
$500.00.  Id.; see also Anderson v. State, No. 03-09-00630-CR, 2010 Tex.App. LEXIS 5033, *9 (Tex.App-Austin, July 1, 2010, no pet.) (modifying judgment to delete order to pay attorney’s
fees).  We also modify the “TDCJ Inmate Trust Fund Withdrawal
Order”[1] to
remove the $500.00 in attorney’s fees from the total amount to be withdrawn
from appellant’s inmate account.  See Reyes v. State, 324 S.W.3d 865 (Tex.App.—Amarillo 2010, no pet.) (modifying
an inmate withdrawal order); Webb
v. State, 324 S.W.3d 229 (Tex.App.—Amarillo 2010,
no pet.) (addressing inmate withdrawal orders).  As modified, we affirm the judgment of the
trial court.

 

                                                                                                James
T. Campbell

                                                                                                            Justice

 

Do
not publish.

 











[1] As
we noted in Williams v. State, Nos.
07-10-0091-CV, 07-10-0100-CV, 07-10-0101-CV, 2011 Tex.App.
LEXIS 497, *3-4 n.2 (Tex.App.—Amarillo
Jan. 25, 2011, no pet.) (mem. op.), these
documents are not “orders” in the traditional sense.  The controlling statute, Tex. Gov’t Code Ann. § 501.014(e) (West Supp. 2010), describes
the process as a “notification by a court” directing prison officials to
withdraw sums from an inmate’s account for the payment of “any amount the
inmate is ordered to pay by order of the court.”  Tex. Gov’t Code
Ann. § 501.014(e)(1)-(6) (West Supp. 2010); Harrell v. State, 286 S.W.3d 315, 316
n.1 (Tex. 2009).