

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-11-00035-CR

TORRIUN BOYD                                                        APPELLANT

V.

THE STATE OF TEXAS                                                      STATE

----------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

The trial court placed Appellant Torriun Boyd on two years' deferred adjudication community supervision upon his plea of guilty to theft of services between $1,500 and $20,000. The State subsequently petitioned the trial court to adjudicate Boyd guilty of the underlying offense due to his alleged violation of several terms and conditions of his community supervision. After a hearing, the trial court found each of the State's allegations true; found Boyd guilty of theft of

---

[1]*See* Tex. R. App. P. 47.4.

services between $1,500 and $20,000; sentenced him to fifteen months' confinement in state jail; and ordered him to pay restitution in the amount of $1,930; a fine in the amount of $200; court costs in the amount of $305; and reparations in the amount of $1,429. In two issues, Boyd challenges the restitution and reparations orders and the amount of costs. We will modify the judgment and affirm the judgment as modified.

In his first issue, Boyd argues that we should reform the judgment to delete the ordered restitution because the trial court did not include the order to pay restitution in its oral pronouncement of his sentence. This court has previously examined the authorities relevant to this issue and held that restitution is punishment and part of the defendant's sentence and, therefore, must be included in the trial court's oral pronouncement of sentence to be properly included in the written judgment. *See Brown v. State*, No. 02-08-00063-CR, 2009 WL 1905231, at *1–2 (Tex. App.—Fort Worth July 2, 2009, no pet.) (mem. op., not designated for publication); *see also Alexander v. State*, 301 S.W.3d 361, 364 (Tex. App.—Fort Worth 2009, no pet.). The record reflects that the trial court did not order Boyd to pay restitution in the amount of $1,930 during its oral pronouncement of his sentence. Accordingly, we will modify the judgment to delete the restitution order.[2] We sustain Boyd's first issue.

---

[2]The State concedes this issue.

In his second issue, Boyd argues that the trial court abused its discretion by ordering reparations in the amount of $1,429 because the record is wholly devoid of any evidence supporting the amount of reparations.[3] Boyd also challenges a $25 increase in court costs that he is ordered to pay.

In his brief, Boyd conceded that "[i]f the record contained some kind of documentation supporting the reparations, [he] would have no argument. Documentation from CSCD as to the amount of owing at the time of adjudication would have been sufficient." The State consequently supplemented the clerk's record with a document bearing the heading "Community Supervision and Corrections Department of Tarrant County" and referring to itself as a "Revocation Restitution/Reparation Balance Sheet," which purports to identify that the $1,429 reparations figure consists of (1) probation fees in the amount of $1,140; (2) the original fine of $200; and (3) $89 "Due to CSCD." Notwithstanding that Boyd conceded that such documentation would render his argument unpersuasive, he filed a motion to strike the supplemental record, arguing that the supplementation is improper because the community supervision

---

[3]The State argues that Boyd failed to preserve much of this issue for appellate review due to his failure to challenge the ordered reparations when he was originally placed on deferred adjudication community supervision. *See Reyes v. State*, 324 S.W.3d 865, 867 (Tex. App.—Amarillo 2010, no pet.) (holding that appellant waived objection to condition of community supervision by not raising it when the condition was imposed). We disagree. Boyd does not challenge *the imposition* of the reparations; rather, he challenges the *amount* of the reparations, questioning how the trial court arrived at the $1,429 figure.

document is not file-marked, was not entered on the docket sheet, is unsigned, and was not served.[4] We will deny Boyd's motion in part and grant it in part.

The original conditions of Boyd's community supervision, which are included in the record, required him to pay a "Supervision Fee" in the amount of $60 each month during the period of supervision. Boyd was on community supervision from June 2009 to January 2011—nineteen months. Thus, without considering the challenged document contained in the supplemental record, we are able to determine from the record that a payment of $60 per month for nineteen months accounts for $1,140 of the ordered $1,429 of reparations. Accordingly, we deny Boyd's motion to the extent that he complains about the $1,140 identified in the community supervision document as reparations.

As for the $200 fine, the State concedes that it should be deleted from the judgment because the trial court did not order Boyd to pay the fine when it adjudicated his guilt and orally pronounced his sentence. *See Taylor v. State*, 131 S.W.3d 497, 502 (Tex. Crim. App. 2004) (reasoning that appellant was not sentenced until his guilt was adjudicated and that trial court was required to orally pronounce fine during sentencing). We agree and will modify the judgment to

---

[4]The State filed a "Motion Objecting to Appellant's Motion to Strike the Supplemental Record" in response to Boyd's motion to strike the supplemental record. The State's motion does not request any relief, other than to request that we deny Boyd's motion. We therefore construe the State's motion as merely a response to Boyd's motion.

delete the $200 fine. We deny Boyd's motion to the extent that he complains about the $200 identified in the community supervision document as reparations.

The remaining figure contained in the community supervision document that Boyd challenges is the $89 "Due to CSCD." Unlike with the probation fees, we are unable to determine from the record what this figure represents or whether it was included as part of the original conditions of Boyd's community supervision. More importantly, this portion of the challenged document would seem to create a new appellate record, as opposed to merely supplementing the record with something that was omitted from the appellate record. This, the court of criminal appeals has explained, is inappropriate. *See Solomon v. State*, 49 S.W.3d 356, 365 (Tex. Crim. App. 2001) ("While Rule 34.5(c)(1) permits supplementation of an appellate record with material that has been omitted from the appellate record, the rule cannot be used to create a new appellate record."); *see also* Tex. R. App. P. 34.5(c)(1). We therefore grant Boyd's motion to strike to the extent that he complains about the $89 identified in the challenged document as reparations.

Finally, the trial court ordered Boyd to pay court costs in the amount of $280 when it placed him on deferred adjudication community supervision, but the amount increased by $25 to $305 when the trial court adjudicated his guilt. Nothing in the record supports this increased amount. Therefore, we will modify the judgment to reflect court costs of $280.

In light of the foregoing, the record supports reparations in the amount of $1,140 and court costs in the amount of $280. We overrule in part and sustain in part Boyd's second issue.

We modify (1) the part of the judgment adjudicating Boyd's guilt to delete the requirement that he pay restitution in the amount of $1,930; (2) the part of the judgment ordering Boyd to pay reparations in the amount of $1,429 to reflect that Boyd must pay reparations in the amount of $1,140; and (3) the part of the judgment ordering Boyd to pay court costs in the amount of $305 to reflect that Boyd must pay court costs in the amount of $280. As modified, we affirm the trial court's judgment. *See* Tex. R. App. P. 43.2(b).

BILL MEIER
JUSTICE

PANEL: GARDNER, MEIER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: April 19, 2012