02-11-035-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00035-CR

 

 


 
 
 Torriun Boyd
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM THE 213th
District Court OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

          The
trial court placed Appellant Torriun Boyd on two years’ deferred adjudication
community supervision upon his plea of guilty to theft of services between
$1,500 and $20,000.  The State subsequently petitioned the trial court to
adjudicate Boyd guilty of the underlying offense due to his alleged violation
of several terms and conditions of his community supervision.  After a hearing,
the trial court found each of the State’s allegations true; found Boyd guilty
of theft of services between $1,500 and $20,000; sentenced him to fifteen
months’ confinement in state jail; and ordered him to pay restitution in the
amount of $1,930; a fine in the amount of $200; court costs in the amount of
$305; and reparations in the amount of $1,429.  In two issues, Boyd challenges
the restitution and reparations orders and the amount of costs.  We will modify
the judgment and affirm the judgment as modified.

          In
his first issue, Boyd argues that we should reform the judgment to delete the
ordered restitution because the trial court did not include the order to pay restitution
in its oral pronouncement of his sentence.  This court has previously examined
the authorities relevant to this issue and held that restitution is punishment
and part of the defendant’s sentence and, therefore, must be included in the
trial court’s oral pronouncement of sentence to be properly included in the
written judgment.  See Brown v. State, No. 02-08-00063-CR, 2009 WL
1905231, at *1–2 (Tex. App.—Fort Worth July 2, 2009, no pet.) (mem. op., not
designated for publication); see also Alexander v. State, 301 S.W.3d
361, 364 (Tex. App.—Fort Worth 2009, no pet.).  The record reflects that the
trial court did not order Boyd to pay restitution in the amount of $1,930
during its oral pronouncement of his sentence.  Accordingly, we will modify the
judgment to delete the restitution order.[2]  We sustain Boyd’s first
issue.

          In
his second issue, Boyd argues that the trial court abused its discretion by
ordering reparations in the amount of $1,429 because the record is wholly devoid
of any evidence supporting the amount of reparations.[3] 
Boyd also challenges a $25 increase in court costs that he is ordered to pay.

          In
his brief, Boyd conceded that “[i]f the record contained some kind of
documentation supporting the reparations, [he] would have no argument. 
Documentation from CSCD as to the amount of owing at the time of adjudication
would have been sufficient.”  The State consequently supplemented the clerk’s
record with a document bearing the heading “Community Supervision and Corrections
Department of Tarrant County” and referring to itself as a “Revocation
Restitution/Reparation Balance Sheet,” which purports to identify that the
$1,429 reparations figure consists of (1) probation fees in the amount of
$1,140; (2) the original fine of $200; and (3) $89 “Due to CSCD.”  Notwithstanding
that Boyd conceded that such documentation would render his argument
unpersuasive, he filed a motion to strike the supplemental record, arguing that
the supplementation is improper because the community supervision document is
not file-marked, was not entered on the docket sheet, is unsigned, and was not
served.[4]  We will deny Boyd’s
motion in part and grant it in part.

          The
original conditions of Boyd’s community supervision, which are included in the
record, required him to pay a “Supervision Fee” in the amount of $60 each month
during the period of supervision.  Boyd was on community supervision from June
2009 to January 2011—nineteen months.  Thus, without considering the challenged
document contained in the supplemental record, we are able to determine from the
record that a payment of $60 per month for nineteen months accounts for $1,140
of the ordered $1,429 of reparations.  Accordingly, we deny Boyd’s motion to
the extent that he complains about the $1,140 identified in the community
supervision document as reparations.

          As
for the $200 fine, the State concedes that it should be deleted from the
judgment because the trial court did not order Boyd to pay the fine when it adjudicated
his guilt and orally pronounced his sentence.  See Taylor v. State, 131
S.W.3d 497, 502 (Tex. Crim. App. 2004) (reasoning that appellant was not
sentenced until his guilt was adjudicated and that trial court was required to
orally pronounce fine during sentencing).  We agree and will modify the
judgment to delete the $200 fine.  We deny Boyd’s motion to the extent that he
complains about the $200 identified in the community supervision document as
reparations.

          The
remaining figure contained in the community supervision document that Boyd
challenges is the $89 “Due to CSCD.”  Unlike with the probation fees, we are
unable to determine from the record what this figure represents or whether it
was included as part of the original conditions of Boyd’s community
supervision.  More importantly, this portion of the challenged document would
seem to create a new appellate record, as opposed to merely supplementing the
record with something that was omitted from the appellate record.  This, the
court of criminal appeals has explained, is inappropriate.  See Solomon v.
State, 49 S.W.3d 356, 365 (Tex. Crim. App. 2001) (“While Rule 34.5(c)(1)
permits supplementation of an appellate record with material that has been
omitted from the appellate record, the rule cannot be used to create a new
appellate record.”); see also Tex. R. App. P. 34.5(c)(1).  We therefore
grant Boyd’s motion to strike to the extent that he complains about the $89
identified in the challenged document as reparations.

          Finally,
the trial court ordered Boyd to pay court costs in the amount of $280 when it
placed him on deferred adjudication community supervision, but the amount
increased by $25 to $305 when the trial court adjudicated his guilt.  Nothing
in the record supports this increased amount.  Therefore, we will modify the
judgment to reflect court costs of $280.

          In
light of the foregoing, the record supports reparations in the amount of $1,140
and court costs in the amount of $280.  We overrule in part and sustain in part
Boyd’s second issue.

          We
modify (1) the part of the judgment adjudicating Boyd’s guilt to delete
the requirement that he pay restitution in the amount of $1,930; (2) the
part of the judgment ordering Boyd to pay reparations in the amount of $1,429
to reflect that Boyd must pay reparations in the amount of $1,140; and (3) the
part of the judgment ordering Boyd to pay court costs in the amount of $305 to
reflect that Boyd must pay court costs in the amount of $280.  As modified, we
affirm the trial court’s judgment.  See Tex. R. App. P. 43.2(b).

 

 

BILL MEIER
JUSTICE

 

PANEL: 
GARDNER,
MEIER, and GABRIEL, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  April 19, 2012









[1]See Tex. R. App. P. 47.4.





[2]The State concedes this
issue.





[3]The State argues that Boyd
failed to preserve much of this issue for appellate review due to his failure
to challenge the ordered reparations when he was originally placed on deferred
adjudication community supervision.  See Reyes v. State, 324 S.W.3d 865,
867 (Tex. App.—Amarillo 2010, no pet.) (holding that appellant waived objection
to condition of community supervision by not raising it when the condition was
imposed).  We disagree.  Boyd does not challenge the imposition of the
reparations; rather, he challenges the amount of the reparations,
questioning how the trial court arrived at the $1,429 figure.





[4]The State filed a “Motion
Objecting to Appellant’s Motion to Strike the Supplemental Record” in response
to Boyd’s motion to strike the supplemental record.  The State’s motion does
not request any relief, other than to request that we deny Boyd’s motion.  We
therefore construe the State’s motion as merely a response to Boyd’s motion.