# NO. 12-12-00427-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ELIZABETH BIRDOW SCOTT, APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS, APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Elizabeth Birdow Scott appeals her conviction for the offense of delivery of a controlled substance. In her sole issue, Appellant challenges the sufficiency of the evidence to support the trial court's assessment of attorney's fees as court costs. We modify and affirm as modified.

### BACKGROUND

In 2011, Appellant was charged by indictment with delivery of a controlled substance, a second degree felony offense as alleged. Appellant entered a plea of "guilty" pursuant to a negotiated plea agreement. The trial court found Appellant guilty and sentenced her to ten years of imprisonment, but suspended her sentence for a community supervision term of seven years.

In 2012, the State filed a motion to revoke Appellant's community supervision. Appellant pleaded "true" to all but two of the allegations in the motion. The trial court found all of the allegations in the State's motion to be true except the two specifically denied by Appellant. The trial court then sentenced Appellant to imprisonment for five years, waived restitution that was ordered as part of its earlier judgment, and assessed court costs against Appellant.

In the judgment of conviction, the trial court ordered the payment of $618.00 in court costs.

The clerk's record contained a certified bill of costs. However, the bill of costs did not correctly reflect that the trial court had waived the payment of restitution, and the district clerk subsequently supplemented the record to include a bill of costs reflecting the trial court's waiver of restitution.

**COURT COSTS**

In her sole issue, Appellant challenges the sufficiency of the evidence to support the trial court's assessment of attorney's fees as court costs against her.

**Standard of Review**

A challenge to the sufficiency of the evidence supporting court costs is reviewable on direct appeal in a criminal case. *Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011). We measure sufficiency by reviewing the record in the light most favorable to the award. *Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010); *Johnson v. State*, No. 12-12-00289-CR, 2013 WL 3054994, at *2 (Tex. App.—Tyler June 19, 2013, no pet.) (not yet released for publication).

**Applicable Law**

A judgment shall "adjudge the costs against the defendant, and order collection thereof. . . ." *See* TEX. CODE CRIM. PROC. ANN. art. 42.16 (West 2006). If a criminal action is appealed, "an officer of the court shall certify and sign a bill of costs stating the costs that have accrued and send the bill of costs to the court to which the action or proceeding is transferred or appealed." *Id.* art. 103.006 (West 2006). Requiring a convicted defendant to pay court costs does not alter the range of punishment and is authorized by statute. *See id.* art. 103.001; *Weir v. State*, 278 S.W.3d 364, 367 (Tex. Crim. App. 2009). The clerk's record may be supplemented to add the bill of costs. *See* TEX. R. APP. P. 34.5(c); TEX. CODE CRIM. PROC. ANN. art. 103.006; *Johnson*, 2013 WL 3054994, at *1-2.

In certain circumstances, a trial court has the authority to assess attorney's fees against a criminal defendant who received court-appointed counsel. *See* TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2012). But once a criminal defendant has been determined to be indigent, he "is presumed to remain indigent for the remainder of the proceedings unless a material change in [her] financial circumstances occurs." *Id.* art. 26.04(p) (West Supp. 2012). If the record does not show that the defendant's financial circumstances materially changed after the previous

determination that she was indigent, the evidence will be insufficient to support the imposition of attorney's fees. *See Johnson*, 2013 WL 3054994, at *3 (citing *Mayer*, 309 S.W.3d at 553).

**Discussion**

Here, the judgment of conviction reflects that the trial court assessed $618.00 as court costs. The judgment of conviction also includes a document identified as "Attachment A Order to Withdraw Funds." The attachment states that Appellant has incurred "[c]ourt costs, fees and/or fines and/or restitution" in the amount of $618.00.

In her brief, Appellant argues that the evidence is insufficient to support the assessment of $300.00 in attorney's fees against her. The record shows that the trial court found Appellant to be indigent, and there is no evidence showing that Appellant's financial circumstances materially changed after the trial court determined that she was indigent. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p). Consequently, the evidence is insufficient to support the imposition of $300.00 in attorney's fees as court costs. *See id.* art. 26.04(p), 26.05(g); *see also Johnson*, 2013 WL 3054994, at *4.

We sustain Appellant's sole issue.

**DISPOSITION**

Having sustained Appellant's sole issue, we modify the trial court's judgment to reflect that the amount of court costs is $318.00. *See* TEX. R. APP. P. 43.2(b). We also modify Attachment A to delete the assessment of $300.00 in attorney's fees and to state that the total amount of "court costs, fees and/or fines and/or restitution" is $318.00. *See, e.g.*, *Reyes v. State*, 324 S.W.3d 865, 868 (Tex. App.—Amarillo 2010, no pet.). We *affirm* the judgment of the trial court *as modified*. *See* TEX. R APP. P. 43.2(b).

**BRIAN HOYLE**
Justice

Opinion delivered July 31, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

3

# COURT OF APPEALS

## TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### JULY 31, 2013

### NO. 12-12-00427-CR

**ELIZABETH BIRDOW SCOTT,**

Appellant

V.

**THE STATE OF TEXAS,**

Appellee

---

Appeal from the 7th Judicial District Court
of Smith County, Texas. (Tr.Ct.No. 007-0024-11)

---

THIS CAUSE came on to be heard on the appellate record and the briefs filed herein; and the same being inspected, it is the opinion of the Court that the trial court's judgment below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the trial court's judgment below be **modified** to reflect that the amount of court costs is $318.00. We also modify Attachment A to delete the assessment of $300.00 in attorney's fees and to state that the total amount of "court costs, fees and/or fines and/or restitution" is $318.00; **and as modified**, the trial court's judgment is **affirmed**; and that this decision be certified to the trial court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

4