# NO. 12-13-00049-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *KEONDRE CHRISHAWN MCGOWEN,* *APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Keondre Chrishawn McGowen appeals his conviction for aggravated assault with a deadly weapon. In two issues on appeal, Appellant challenges the trial court's imposition of court costs. We modify the judgment and affirm as modified.

## BACKGROUND

Appellant was charged by indictment with the offense of aggravated assault with a deadly weapon, a second degree felony.[1] The indictment also included an allegation that Appellant used or exhibited a deadly weapon, a firearm, during the commission of or immediate flight from the offense. Appellant entered a plea of "guilty" to the offense charged in the indictment and "true" to the deadly weapon allegation. Appellant and his counsel signed various documents in connection with his guilty plea, including a stipulation of evidence and judicial confession in which Appellant swore, admitted, and judicially confessed to all the allegations pleaded in the indictment. The trial court accepted Appellant's plea, found sufficient evidence to substantiate his guilty plea, deferred further proceedings without entering an adjudication of his guilt, and ordered that Appellant be placed on deferred adjudication community supervision for five years. The trial court also ordered that Appellant pay court costs in the amount of $284.00 and restitution to be determined.

---

[1] *See* TEX. PENAL CODE ANN. § 22.02 (a)(2), (b) (West 2011).

The State filed an application to proceed to final adjudication, alleging that Appellant had violated the terms of his community supervision. Appellant and his counsel signed a written plea admonishment and stipulation of evidence in which Appellant pleaded "true" to the allegations in paragraphs I through XI in the State's application. At the hearing, Appellant also pleaded "true" to all the paragraphs in the State's application. At the conclusion of the hearing, the trial court found paragraphs I through XI of the State's application to be "true," revoked Appellant's community supervision, and adjudicated Appellant guilty of aggravated assault with a deadly weapon. The trial court also made an affirmative deadly weapon finding.

The trial court assessed Appellant's punishment at twelve years of imprisonment, and assessed court costs in the amount of $284.00. An order to withdraw funds was attached to the judgment which stated that Appellant had incurred "[c]ourt costs, fees and/or fines and/or restitution" in the amount of $284.00. The trial court ordered that payment be made out of Appellant's inmate trust account. This appeal followed.

## EVIDENTIARY SUFFICIENCY OF COURT COSTS

In his first issue, Appellant contends that the trial court erred by imposing court costs not supported by a bill of costs and by ordering that the costs be withdrawn from his inmate trust account. In his second issue, Appellant argues that the evidence is legally insufficient for the trial court to assess court costs. Since the filing of Appellant's brief, the record in this case has been supplemented with a bill of costs. *See White v. State*, No. 12-12-00388-CR, 2013 WL 3967702, at *2 (Tex. App.—Tyler July 31, 2013, no pet.) (permitting supplementation of record with bill of costs). Accordingly, we review both of Appellant's issues as a sufficiency challenge to the trial court's assessment of costs.

### Standard of Review and Applicable Law

A challenge to the sufficiency of the evidence supporting court costs is reviewable on direct appeal in a criminal case. *See Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011). We measure sufficiency by reviewing the record in the light most favorable to the award. *Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010). Requiring a convicted defendant to pay court costs does not alter the range of punishment, is authorized by statute, and is generally not conditioned on a defendant's ability to pay. *See* TEX. CODE CRIM. PROC. ANN. art. 42.16 (West 2006); *Armstrong*, 340 S.W.3d at 767; *see also Johnson v. State*, No. 12-12-00289-CR, 2013 WL 3054994, at *3 (Tex. App.–Tyler June 19, 2013, no pet.).

2

**Analysis**

In the instant case, the judgment of conviction reflects that the trial court assessed $284.00 in court costs. The judgment includes a document identified as "Attachment A Order to Withdraw Funds," which states that Appellant has incurred "[c]ourt costs, fees and/or fines and/or restitution" in the amount of $284.00. The State concedes, and we agree, that the assessment of $284.00 is improper and that the judgment and withholding order should be modified. The bill of costs assessed $284.00 in court costs but reflects a remaining balance of $124.00. We have reviewed the items listed in the bill of costs, and all listed costs and fees are authorized by statute.

Because some costs have already been paid, the evidence is insufficient to support the trial court's assessment of $284.00 in court costs as reflected in its judgment and withholding order. The evidence is sufficient, however, to support the imposition of $124.00, the remaining balance reflected by the bill of costs. *See, e.g., **Lack v. State***, No. 12-13-00052-CR, 2013 WL 3967698, at *1-2 (Tex. App.—Tyler July 31, 2013, no pet.) (mem. op., not designated for publication); ***Ashford v. State***, No. 12-12-00373-CR, 2013 WL 3874939, at *2 (Tex. App.—Tyler July 24, 2013, no pet.) (mem. op., not designated for publication). Accordingly, we sustain Appellant's first and second issues in part.

**DISPOSITION**

Having sustained Appellant's first and second issues in part, we ***modify*** the trial court's judgment to reflect that the amount of court costs assessed is $124.00. *See* TEX. R. APP. P. 43.2(b). We also modify Attachment A to delete the assessment of $284.00 and to state that the total amount of "[c]ourt costs, fees and/or fines and/or restitution" is $124.00. *See, e.g., **Reyes v. State***, 324 S.W.3d 865, 868 (Tex. App.—Amarillo 2010, no pet.). We ***affirm*** the trial court's judgment ***as modified***. *See* TEX. R. APP. P. 43.2(b).

SAM GRIFFITH
Justice

Opinion delivered September 30, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

3



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

SEPTEMBER 30, 2013

NO. 12-13-00049-CR

**KEONDRE CHRISHAWN MCGOWEN,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-1077-10)

THIS CAUSE came on to be heard on the appellate record and the briefs filed herein; and the same being inspected, it is the opinion of the Court that the trial court's judgment below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the trial court's judgment in this cause be **modified** to reflect that the amount of court costs assessed is $124.00. We also modify Attachment A to delete the assessment of $284.00 and to state that the total amount of "[c]ourt costs, fees and/or fines and/or restitution" is $124.00; that **as modified**, the trial court's judgment is **affirmed**; and that this decision be certified to the trial court below for observance.

Sam Griffith, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*