# NO. 12-18-00252-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *THAYLIAS GLOVER,*<br>*APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Thaylias Glover appeals his conviction of burglary of a habitation. In one issue, Appellant argues that the trial court improperly assessed court costs in its judgment. We modify and affirm as modified.

## BACKGROUND

Appellant was charged by indictment with burglary of a habitation and pleaded "guilty." A jury assessed Appellant's punishment at imprisonment for twenty years. The trial court sentenced Appellant accordingly, and this appeal followed.

## COURT COSTS

In his sole issue, Appellant argues that the trial court erred in assessing in its judgment court costs of $250.00 for "DNA Testing - Sexual Offense" because such costs cannot be assessed against a defendant not charged with a sexual offense. We review Appellant's issue as a challenge to the sufficiency of the evidence supporting court costs.

**Standard of Review and Applicable Law**

A challenge to the sufficiency of the evidence supporting court costs is reviewable on direct appeal in a criminal case. *See **Armstrong v. State***, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011). We measure sufficiency by reviewing the record in the light most favorable to the award. ***Mayer v. State***, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010); ***Cardenas v. State***, 403 S.W.3d 377, 382 (Tex. App.–Houston [1st Dist.] 2013, no pet.). Requiring a convicted defendant to pay court costs does not alter the range of punishment, is authorized by statute, and is generally not conditioned on a defendant's ability to pay. *See* TEX. CODE CRIM. PROC. ANN. art. 42.16 (West 2018); ***Armstrong***, 340 S.W.3d at 767; *see also **Johnson v. State***, 405 S.W.3d 350, 353 (Tex. App.–Tyler 2013, no pet.).

**Evidence Supporting Assessment of Costs**

The judgment of conviction reflects that the trial court assessed $479.00 in court costs. The judgment includes a document identified as "Attachment A Order to Withdraw Funds," which states that Appellant has incurred "[c]ourt costs, fees and/or fines and/or restitution" in the amount of $479.00. The certified bill of costs itemizes the court costs imposed, including the imposition of court costs of $250.00 for "DNA Testing Fee - Sexual Offense." The State concedes that the imposition of court costs for DNA testing is improper in light of the allegations against Appellant and further concedes that there is no indication that Appellant was subjected to DNA testing. We agree. Therefore, we hold that the costs imposed in the trial court's judgment for "DNA Testing - Sexual Offense" are not supported by sufficient evidence. Appellant's sole issue is sustained.

CONCLUSION

Having sustained Appellant's sole issue, we ***modify*** the trial court's judgment to reflect that the amount of court costs is $229.00. *See* TEX. R. APP. P. 43.2(b). We also ***modify*** Attachment A to state that the total amount of "court costs, fees and/or fines and/or restitution" is $229.00. *See, e.g.*, ***Reyes v. State***, 324 S.W.3d 865, 868 (Tex. App.–Amarillo 2010, no pet.). We ***affirm*** the trial court's judgment ***as modified***. *See* TEX. R. APP. P. 43.2(b).

BRIAN HOYLE<br>Justice

Opinion delivered July 10, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JULY 10, 2019**

**NO. 12-18-00252-CR**

**THAYLIAS GLOVER,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court
of Smith County, Texas (Tr.Ct.No. 114-0525-18)

THIS CAUSE came on to be heard on the appellate record and the briefs filed herein, and the same being inspected, it is the opinion of the Court that the judgment of the trial court below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below be **modified** to reflect that the amount of court costs is $229.00.  We also **modify** Attachment A to state that the total amount of "court costs, fees and/or fines and/or restitution" is $229.00; **and as modified**, the trial court's judgment is **affirmed**; and that this decision be certified to the trial court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*