# NO. 12-22-00128-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JEFFERY JOE HAMPTON,*<br>*APPELLANT* | *§* | *APPEAL FROM THE 114TH* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | *§* | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Jeffery Joe Hampton appeals his conviction for manslaughter. In two issues, Appellant argues that the trial court abused its discretion in admitting a photograph, which depicts the victim's injuries, during his trial on punishment and that certain court costs assessed against him are improper. We modify and affirm as modified.

## BACKGROUND

On the afternoon of June 2, 2019, fourteen-year-old R.B. and his younger sister were playing in the shallow water near a pier and next to the shoreline of Lake Palestine in Smith County, Texas. Appellant, who was intoxicated, drove his bass boat at high speed through the pier, striking R.B. R.B. was killed on impact; the top of his skull partially was severed by the boat's propeller. Bystanders pulled his body from the water and laid it on what remained of the pier. Despite one of his passengers alerting him to the fact that someone had been hurt, Appellant fled the scene. Another of his passengers later contacted authorities, and Appellant was arrested.

Appellant was charged by indictment with manslaughter. The indictment further alleged that Appellant used a watercraft as a deadly weapon. Moreover, the indictment alleged that Appellant had two, prior, felony convictions—aggravated assault with a deadly weapon and

robbery. Appellant pleaded "guilty" as charged. He pleaded "true" to the felony enhancements and "not true" to the deadly-weapon allegation.

The matter proceeded to a jury trial on punishment. Ultimately, the jury found the enhancement allegations and deadly weapon allegation to be "true" and assessed Appellant's punishment at imprisonment for life. The trial court sentenced Appellant accordingly, and this appeal followed.

## ADMISSIBILITY OF PHOTOGRAPHIC EVIDENCE - PUNISHMENT PHASE

In his first issue, Appellant argues that the trial court abused its discretion in admitting a photograph depicting R.B.'s head injuries because the danger of undue prejudice from the jury's seeing this photograph in addition to other, similar photographs of R.B.'s head injuries substantially outweigh the probative value of the evidence.

### Standard of Review and Governing Law

We review the trial court's decision to admit evidence for abuse of discretion. *See Prystash v. State*, 3 S.W.3d 522, 527 (Tex. Crim. App. 1999); *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh'g). As long as the trial court's ruling was at least within the zone of reasonable disagreement, the appellate court will not intercede. *See Montgomery*, 810 S.W.2d at 391. Furthermore, if the trial court's evidentiary ruling is correct on any theory of law applicable to that ruling, it will not be disturbed, even if the trial judge gave the wrong reason for a correct ruling. *See De La Paz v. State*, 279 S.W.3d 336, 344 (Tex. Crim. App. 2009).

"Relevant evidence" ordinarily means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. *See* TEX. R. EVID. 401. But during the punishment phase of trial in a non-capital case, the determination of relevance is a question of what is helpful to the jury in determining the appropriate sentence for a particular defendant in a particular case. *See Rogers v. State*, 991 S.W.2d 263, 265 (Tex. Crim. App. 1999); *see also* TEX. CODE CRIM. PROC. ANN. art. 37.07 § 3(a) (West Supp. 2022) (at punishment, evidence may be offered by state and defendant as to any matter the court deems relevant to sentencing). Evidence that is not relevant is inadmissible. *See* TEX. R. EVID. 402.

With respect to the relevance of photographic evidence, the court of criminal appeals further instructs as follows:

> A photograph should add something that is relevant, legitimate, and logical to the testimony that accompanies it and that assists the jury in its decision-making duties. Sometimes this will, incidentally, include elements that are emotional and prejudicial. Our case law is clear on this point: If there are elements of a photograph that are genuinely helpful to the jury in making its decision, the photograph is inadmissible only if the emotional and prejudicial aspects substantially outweigh the helpful aspects.

*Erazo v. State*, 144 S.W.3d 487, 491–92 (Tex. Crim. App. 2004).

Under Rule 403 of the Texas Rules of Evidence, even relevant "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . ." TEX. R. EVID. 403. "Rule 403 favors admissibility of relevant evidence, and the presumption is that relevant evidence will be more probative than prejudicial." *Montgomery*, 810 S.W.2d at 389. Rule 403 requires both trial and reviewing courts to analyze and balance (1) the probative value of the evidence (2) the potential to impress the jury in some irrational, yet indelible, way, (3) the time needed to develop the evidence, and (4) the proponent's need for the evidence. *See Erazo*, 114 S.W.3d at 489. In making this determination, we consider factors including (1) the number of exhibits offered, (2) their gruesomeness, (3) their detail, (4) their size, (5) whether they are black and white or color, (6) whether they are close up shots, (7) whether the body is naked or clothed, (8) the availability of other means of proof, and (9) other circumstances unique to the individual case. *Santellan v. State*, 939 S.W.2d 155, 172 (Tex. Crim. App. 1997). Generally, a photograph is admissible if verbal testimony as to matters depicted in the photographs also is admissible. *See Williams v. State*, 958 S.W.2d 186, 195 (Tex. Crim. App. 1997).

**Discussion**

In the instant case, the State offered multiple crime-scene photographs of R.B.'s body lying on the pier after the accident. Appellant objected only to the admission of State's Exhibit 20, which depicts R.B.'s head injuries from a viewpoint above the body's longitudinal axis and at an angle relatively parallel to the pier upon which his body was laid. In the photograph, the detached portion of R.B.'s skull is visible.

The relevance of this photograph is apparent—it allowed the jury to better understand the manner and means of R.B.'s death as well as the apparent force of the impact which resulted in

such an injury. *See, e.g.*, **id.** (crime scene photos are relevant because they "aid the jury in determining many things including the manner and means of the death of the victim, the force used, and sometimes even the identity of the perpetrator"). Exhibit 20 is a color photograph of approximately 8.5" x 11" in size.[1] The picture appears to have been taken from a few feet away; it is a picture of R.B.'s whole body, not just the head injury alone. R.B. is clothed in the picture. Two other exhibits, to which Appellant did not object, depict the same scene as Exhibit 20 but do so from different viewpoints, angles, and distances, and depict only a portion of R.B.'s head injuries. *See **Bacey v. State***, 990 S.W.2d 319, 326 (Tex. App.–Texarkana 1999, pet. ref'd) (when two or more pictures depict same thing but from different perspectives, they are not cumulative and jury can gain information it might not otherwise have when viewing other pictures from other perspectives).

Exhibit 20 undoubtedly is troubling to view, as are the other two photographic exhibits. But Exhibit 20 is the only photograph of the three clearly to show the full extent of R.B.'s head injuries. *See **Gallo v. State***, 239 S.W.3d 757, 763 (Tex. Crim. App. 2007) (photographs which showed full extent of injuries appellant inflicted on the victim were highly probative); ***Desormeaux v. State***, 362 S.W.3d 233, 237 (Tex. App.–Beaumont 2012, no pet.) ("Though gruesome, the photographs are probative of the full extent of the internal and external injuries inflicted"). Further still, the testimonies of the medical examiner and other witnesses, which were admitted without objection, consist of the same information about R.B.'s injuries as Exhibit 20 depicts. And while the injuries depicted in Exhibit 20 truly are disturbing, we cannot conclude that they are gruesome.[2] But even if reasonable minds could differ on that conclusion, any disturbing attribute depicted resulted directly from the injuries caused by Appellant. *See **Williams v. State***, 301 S.W.3d 675, 691 (Tex. Crim. App. 2009); ***Sonnier v. State***, 913 S.W.2d 511, 519 (Tex. Crim. App. 1995) ("[W]hen the power of the visible evidence emanates from

---

[1] The record on appeal contains black and white copies of the exhibit. The State notes in its brief that the exhibit, in fact, consists of a color photograph.

[2] In reaching this conclusion, we do not intend to lessen the gravity of the injuries depicted or the circumstances from which they arose. But in declining to conclude that the image in Exhibit 20 is "gruesome," we have observed the picture as a whole, rather than only viewing the injuries depicted. In so doing, we have considered whether, in that light, the picture may have been likely to impress the jury in some irrational, yet indelible, way. *See **Santellan v. State***, 939 S.W.2d 155, 172 (Tex. Crim. App. 1997). Based on our observations, we note that, of the three photographs, Exhibit 20 is the only one which, in depicting R.B.'s head injuries, does not also show his face. In that respect, we also conclude that Exhibit 20 is, to some small degree, less troubling than the other two photographic exhibits admitted without objection.

nothing more than what the defendant has himself done, we cannot hold that the trial court has abused its discretion merely because it admitted the evidence").

Having considered the aforementioned factors in light of the evidence of record, we note that the probative value of the evidence, i.e., whether it is helpful to the jury in determining the appropriate sentence in this particular case, was high. *See Williams*, 958 S.W.2d at195. Moreover, its potential to impress the jury in some irrational, yet indelible, way, given the nature of the exhibits depicting R.B.'s body from different angles and the testimonies of the medical examiner and other witnesses on the subject matter depicted in Exhibit 20, was low. The State did not take much time to develop the photographic evidence, and its need for the evidence was high since it enabled the jury better to understand the manner and means of R.B.'s death as well as the apparent force of the impact which resulted in such an injury in a way verbal testimony simply cannot convey. *See id.* Thus, we conclude that Exhibit 20's relevance at Appellant's trial on punishment was not substantially outweighed by the danger of its unfair prejudice. *See* TEX. R. EVID. 403. Accordingly, we hold that the trial court did not abuse its discretion in admitting the State's Exhibit 20 in Appellant's trial on punishment. Appellant's first issue is overruled.

## COURT COSTS

In his second issue, Appellant argues that the trial court improperly assessed the fees comprising the "Local Consolidated Fee on Conviction of Felony" against him as represented in the bill of costs. The State concedes that these fees were assessed erroneously. We agree.

The commission date of the offense for which Appellant was convicted is June 2, 2019. The Local Consolidated Fee on Conviction of Felony applies only to defendants who are convicted of offenses committed on or after January 1, 2020. *See Hayes v. State*, No. 12-20-00222-CR, 2021 WL 1418400, at *2 (Tex. App.–Tyler Apr. 14, 2021, no pet.) (mem. op., not designated for publication) (citing TEX. LOC. GOV'T CODE ANN. § 134.101 (West 2021)). Section 134.101 assesses an additional $105 fee for a person who is convicted of a felony. *See* TEX. LOC. GOV'T CODE ANN. § 134.101(a). That fee is to be allocated to the following specific accounts and funds: the clerk of the court account, the county records management and preservation fund, the county jury fund, the courthouse security fund, the county and district court technology fund, and the county specialty court account. *See id.* § 134.101(b).

In the instant case, the judgment reflects that the trial court assessed $251.50 in court costs. The judgment includes a document identified as "Attachment A Order to Withdraw Funds," which states that Appellant has incurred "[c]ourt costs, fees and/or fines and/or restitution" in the amount of $251.50. The certified bill of costs includes the following costs assessed pursuant to Section 134.101: $40.00 Clerk of the Court; $4.00 County and District Court Technology Fund; $1.00 County Jury Fund; $25.00 County Records Management and Preservation; $25.00 County Specialty Court Account; and $10.00 Courthouse Security Fund. *See id.* The sum of these costs is $105.00. Because the offense in this case was committed before January 1, 2020, Appellant is not obligated to pay the "Local Consolidated Fee on Conviction of Felony." *See Hayes*, 2021 WL 1418400, at*2. Accordingly, we will modify the bill of costs, as well as the trial court's judgment and Order to Withdraw to reflect the removal of these fees. *See* TEX. R. APP. P. 43.2(b); *Reyes v. State*, 324 S.W.3d 865, 868 (Tex. App.–Amarillo 2010, no pet.). Appellant's second issue is sustained.

## CONCLUSION

We have overruled Appellant's first issue and sustained his second issue. Having done so, we *modify* the bill of costs by deleting the following fees: $40.00 Clerk of the Court; $4.00 County and District Court Technology Fund; $1.00 County Jury Fund; $25.00 County Records Management and Preservation; $25.00 County Specialty Court Account; and $10.00 Courthouse Security Fund. We further *modify* the trial court's judgment to reflect that the amount of court costs is $146.50. We also *modify* Attachment A Order to Withdraw Funds to state that the total amount of "court costs, fees and/or fines and/or restitution" is $146.50. We *affirm* the trial court's judgment *as modified*.

**BRIAN HOYLE**
Justice

Opinion delivered April 19, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

6



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**APRIL 19, 2023**

**NO. 12-22-00128-CR**

**JEFFERY JOE HAMPTON,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court
of Smith County, Texas (Tr.Ct.No. 114-1155-19)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, it is the opinion of this court that the bill of costs, Attachment A Order to Withdraw Funds, and judgment of the court below should be modified and as modified, there being no other error in the judgment, affirmed.

It is therefore ORDERED, ADJUDGED and DECREED that the bill of costs of the court below be **modified** to delete the following fees: $40.00 Clerk of the Court; $4.00 County and District Court Technology Fund; $1.00 County Jury Fund; $25.00 County Records Management and Preservation; $25.00 County Specialty Court Account; and $10.00 Courthouse Security Fund.

It is therefore further ORDERED, ADJUDGED and DECREED that the judgment and the Attachment A Order to Withdraw Funds of the court below be **modified** to state that the total amount of "court costs, fees and/or fines and/or restitution" is $146.50. in all other respects the judgment of the trial court is **affirmed**; and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*