**Opinion issued November 5, 2013**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-12-00930-CR

———————————

**RONALD WAYNE BYRD, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 149th District Court**
**Brazoria County, Texas**
**Trial Court Case No. 66,789**

---

## MEMORANDUM OPINION

Appellant, Ronald Wayne Byrd, appeals from his conviction for driving while intoxicated, a third-degree felony as a result of appellant's two prior DWI convictions. *See* TEX. PENAL CODE ANN. §§ 49.04(a), 49.09(b)(2) (West Supp.

2012). The indictment alleged two additional enhancements for his prior convictions for involuntary manslaughter and felony DWI, which, if true, subjected appellant to a minimum of twenty-five years' confinement as a habitual felony offender. *See* TEX. PENAL CODE ANN. § 12.42(d) (West Supp. 2012). Appellant entered an open plea of guilty to the charged offense and pleaded true to all enhancement paragraphs. The trial court sentenced appellant to thirty-years' confinement, assessed court costs, and certified appellant's right to appeal. Appellant filed a timely notice of appeal.

Appellant's court-appointed appellate counsel has filed a motion to withdraw, along with an *Anders* brief stating that the record presents no reversible error and therefore the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967).

Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying us with references to the record and legal authority. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *see also High v. State*, 573 S.W.2d 807, 812−13 (Tex. Crim. App. 1978). Counsel indicates that he has thoroughly reviewed the record and is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Counsel has also informed us that he delivered a copy of the brief to appellant and informed him of his right to examine the appellate record and to file a response. *See In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008). Appellant has not filed a pro se response.

We have independently reviewed the entire record in this appeal, and we conclude that (1) no reversible error exists in the record, (2) there are no arguable grounds for review, and (3) therefore the appeal is frivolous. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400 (emphasizing that reviewing court—not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826−27 (Tex. Crim. App. 2005) (same); *Mitchell*, 193 S.W.3d at 155 (same). Appellant may challenge our holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 & n.6.

We note that the trial court's judgment includes $1500.00 in attorney's fees. The record shows, however, that the trial court found appellant to be indigent and appointed trial and appellate counsel based on appellant's indigence.

A trial court has the authority to order a defendant to repay fees for legal services provided, if the court determines that a defendant has financial resources

3

enabling him to offset, in part or in whole, the costs of the legal services provided. TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2012). However, "[a] defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs." TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2012).

Here, the record does not reflect that the trial court reconsidered its determination of indigency, that a material change in appellant's financial circumstances occurred, or that the trial court made a finding regarding appellant's ability to pay attorney's fees. *See Mayer v. State*, 309 S.W.3d 552, 556–57 (Tex. Crim. App. 2010*); Navarro v. State*, No. 01-12-00415-CR, 2013 WL 2456799, at *2 (Tex. App.—Houston [1st Dist.] June 6, 2013, no pet.); *Norris v. State*, No. 03-13-00059-CR, 2013 WL 3724780, at *1 (Tex. App.—Austin July 10, 2013, no pet.). Thus, the record does not support an assessment of attorney's fees.

Accordingly, we modify the trial court's judgment to delete the entry of $1500.00 in appointed attorney's fees. We also modify the "Order to Withdraw Funds" by deleting the attorney's fees in the amount of $1500.00 from the sum subject to collection. *See Cerbantez v. State*, No. 07-12-0434-CR, 2013 WL 1189243, at *2 (Tex. App.—Amarillo Mar. 22, 2013, no pet.) (modifying

4

judgment and withholding order); *Reyes v. State*, 324 S.W.3d 865, 868 (Tex. App.—Amarillo 2010, no pet.) (same).

We grant counsel's motion to withdraw and affirm the trial court's judgment as modified.[1] Attorney John J. Davis must immediately send the notice required by Texas Rule of Appellate Procedure 6.5(c) and file a copy of that notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c).

**PER CURIAM**

Panel consists of Justices Keyes, Higley, and Massengale.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[1] Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Court of Criminal Appeals. *See Ex parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).